RIEGLER ICE CREAM CO. v. THOMAS et al.

(Court of Civil Appeals of Texas. San Antonio. March 4, 1914. Rehearing Denied April 8, 1914.)

1. MUNICIPAL CORPORATIONS (§ 706*)—COLLISION IN STREETS—SUFFICIENCY OF EVIDENCE—NEGLIGENCE.

In an action for injuries caused by the pole of defendant's wagon coming in contact with plaintiff's leg while plaintiff was on horseback, evidence *held* not to show negligence by defendant's driver.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—COLLISION IN STREET — EVIDENCE — CONTRIBUTORY NEGLIGENCE.

In an action for injuries by the pole of defendant's wagon coming in contact with plaintiff's leg while he was on horseback, evidence *held* to show that plaintiff was guilty of contributory negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Arthur Thomas and another against the Riegler Ice Cream Company. From a judgment for plaintiffs, defendant appeals. Reversed and rendered.

Huntress & Keller, of San Antonio, for appellant. Scott & Dodson, of San Antonio, for appellees.

FLY, C. J. This is a suit for damages, resulting from personal injuries, instituted by Julia Hudley for herself and in behalf of her minor son, Arthur Thomas, the injured party, against appellant. It was alleged, in substance, that Arthur was riding a pony south on South Flores street, San Antonio, Tex., and, when he reached a point just north of Nueva street, a wagon, belonging to appellant, to which two horses were attached, and which had been standing near the curb, suddenly and without warning turned to the left, and the pole of the wagon came in contact with the leg of Arthur Thomas and broke it. Appellant pleaded contributory negligence on the part of Arthur Thomas. The cause was submitted to the court, and a judgment was rendered in favor of Arthur Thomas for $300, and in favor of Julia Hudley for $50.

The only witness for appellees as to the manner in which Arthur was injured was himself; the only other witness being the driver of the wagon, who testified for appellant. The boy testified that he was go-

ing at a fast gallop down South Flores street, and saw a wagon standing near the curb on the right side of the street, facing south; that, when he got within "5 steps," he saw the wagon turn abruptly to the left into the street, but he "did not stop galloping then." He stated that he tried to stop the horse, but, although the wagon hit him, the horse went "20 steps" before he could be stopped. This is the case of appellees, so far as the facts directly connected with the accident are concerned, but another witness testified that he owned the pony, and that could not go faster than 5 or 6 miles an hour, although the boy testified that he was going at a "fast gallop," and there was uncontradicted testimony which showed that a horse cannot gallop less than 10 miles an hour. The uncontradicted testimony showed that the driver of the wagon looked up the street before he started the wagon and saw no one until the boy ran against the pole or tongue. The boy admits that he was going fast. The collision could not have occurred except by the horse runing into the wagon, as the horse was moving rapidly and the wagon very slowly.

The testimony to the effect that a horse going in a "fast gallop" would not go more than five or six miles an hour is so opposed to reason, common sense, and general experience as to be utterly absurd. The boy admitted that he was moving at a "fast gallop," and the fact that he ran "20 steps" before he could be stopped shows that he must have been moving very rapidly. All the circumstances indicate that the boy was riding at an immoderate speed along a street in violation of an ordinance of the city, and that such immoderate and reckless riding was the direct and proximate cause of the accident. If, as Arthur Thomas swore, the wagon was being turned directly across the street in order to turn around, it was being turned within the terms of the ordinance which requires a vehicle when it turns to the left to pass over to the right of and beyond the center of the street.

[1, 2] The evidence not only utterly fails to show negligence upon the part of appellant, but clearly shows contributory negligence upon the part of the boy.

The judgment is reversed, and judgment here rendered in favor of appellant.